The court now calls case one one nine three nine one the people of the state of Illinois versus Derek Jones Are you ready to proceed? Happily ready Good morning morning your honor morning counsel may it please the court. My name is Josette Skelnick I'm an attorney with the office of the state appellate defender And I'm here this morning on behalf of the defendant Derek Jones Derek Jones was convicted after a jury trial of the class one felony of aggravated robbery He was sentenced to an extended term of 24 years imprisonment nine years beyond the ordinary Maximum range for a class one felony and the extended term was based on the state's assertion that This defendant had a prior juvenile adjudication for a residential burglary first time this Allegation was brought before the defendant was on the day his trial commenced when the state announced that It had some court docket sheets Indicating that mr.. Jones had previously been adjudicated delinquent for residential burglary The defendant when he was confronted with this allegation denied that his adjudication included a residential burglary The fact of the adjudication was never Pled by the state in writing the fact was never submitted to the jury To be determined by them by proof beyond a reasonable doubt and other than the pre-sentence report in this case There were no documents Presented to the trial judge to establish the actual nature of the defendants underlying adjudication So what we have before the court this morning is an issue of statutory construction which is whether under Illinois law a juvenile adjudication qualifies as any fact other than the fact of a prior conviction such that it is subject to the requirements of apprendi Which requires under Illinois law that the fact be pled and proven to a jury beyond a reasonable doubt Now Knowledge at the outset, but this was not raised in the trial court was raised in the appellate court. It's raised in this court But this is an issue That if it is an apprendi violation this court has recognized that that type of violation can be raised under the plain error doctrine As people be Crespo said people be golden also indicated that in this case The only possible basis on which this defendant could have gotten a sentence range Double the ordinary sentencing range was his prior adjudication so if it's Something that the state needed to plead and prove and if the record does not establish that fact Then it did prejudice him because there was no other basis for giving him an extended term Both the state and the appellate court in this case addressed a different question That isn't really before the court today. And that question is whether the federal Constitution bars Any juvenile adjudications from being used to impose an enhanced sentence on an adult offender The US Supreme Court has not decided that issue the US Supreme Court also has not Identified what a conviction is that's a Something for a state court to determine or the federal legislature the Congress to determine In fact with respect to this federal issue. I would note that the federal legislation That's at issue which is typically comes up the our career criminal act that acts specifically equates juvenile adjudications with convictions So it does equate the two California which also says that an adjudication can be used that there's no federal constitutional bar that also equates juvenile adjudications with convictions in this case the legislature when it passed 111 3c 5 it was doing it implementing a friendie It didn't say in this legislation other than the fact of a prior conviction and a prior adjudication Any fact that is used to enhance a defendant sentence? Must be pled and proven to the jury it did not exclude Juvenile adjudications this court in particular has never construed an adjudication to be equivalent to a conviction Unless there is express language in the statute at issue that do equate the two Most notable example is in the sex offender registration act the legislature specifically equated Convictions and adjudications said for purposes of this section convicted shall have the same meaning that is as adjudicated There's no language like that and 111 3 c 5 there's no language like that and the extended sentencing term statute In people be Taylor in particular this court found that a person convicted of a felony did not include a person adjudicated for a felony as A delinquent and therefore he could not be subject to the escape statute The other problem we have in this case now I recognize that a friendie violations they can be subject to harmless error Or they are raised for example in people be thorough this court said there's enough evidence in this record from the trial to establish that the Victim was a household member This court has also said where it's raised this plain error. It can be found that it's not prejudicial Which is what happened in people be Crespo that was where the extended term was being based on the allegation that the offense was exceptionally brutal and heinous and In that case this court determined that no no rational jury could have determined that this was not exceptionally brutal and heinous In this case though As I said the only evidence we have is the pre-sentence report that was before the trial judge that pre-sentence report essentially Established that the defendant was adjudicated delinquent nobody's disputing that this defendant was adjudicated delinquent, but what it said was Essentially there were several petitions Alleging various offenses including assault from all damaged property Burglary and residential burglary and that the defendant was adjudicated delinquent on these petitions. That's all we know Not whether he was specifically adjudicated for a residential burglary And this is a situation again where the defendant specifically disputed that he had a residential burglary I think in this respect It's actually even more compelling than what happened in Shepard versus United States and Shepard versus United States That defendant did not even actually dispute that he had a prior That he had pled guilty to burglaries that were generic burglaries. He simply said the record doesn't show What these burglaries were and I never admitted that these were generic burglaries in fact the Court of Appeals in that case thought that They were just engaging in an exercise of make-believe because the defendant had never seriously disputed that his prior Burglaries were generic burglaries in this case. We have a defendant who has specifically Disputed that there was an adjudication for a residential burglary This is an issue where the state has the burden and the judge has the obligation to find That the aggravating factor exists Because it does it increases his sentence from 4 to 15 years to 15 to 30 years it doubles his sentence It effectively becomes an element of the offense for purposes of imposing an enhanced sentence. Ms. Skelnick? Yes, are we to do anything with the fact that? What I believe to be the fact that defense counsel never challenged the accuracy of the PSI Even though as you indicated at some point defendant denied having any adjudications I mean does that bring a little more credibility to the PSI? No, it doesn't because the PSI itself is ambiguous So it doesn't establish what the state needed to establish to get And I think there's a difference there's a difference between a failure to object which is what defense counsel did failure to object and in an actual Knowing and intelligent relinquishment by the defendant of his right I I think that what we have here is defense counsel's failure to object and failure to put the state to its proof But that doesn't mean that this defendant himself has effectively conceded nothing in the record challenging the actors Of the pre-sentence report right not challenging the accuracy of it But the problem with this pre-sentence report is it doesn't conclusively establish what the nature of the prior? adjudication was I I think in a sense it's similar to The Bolton case where there was an issue in the pre-sentence report what the nature of the defendant's prior class drug offense was The pre-sentence report didn't sufficiently establish that it wasn't sufficient just to look at the pre-sentence report to establish the basis And it's it's significant here. This is something that increases his range he got more than 50% of the Normal maximum range based on an allegation that was not conclusively established Is it your argument so I understand it more clearly is it your argument that? this particular pre-sentence report Wasn't clear about what this person had been convicted of in or is it you're right? adjudicated for what or are you saying that pre-sentence reports are insufficient as Across the board to make that determination. No I well, I think in particular when you're talking about adult Conviction certainly a pre-sentence report could be sufficient even in Bolton though. It wasn't sufficient when it related to an adult conviction I'm saying this pre-sentence report was not sufficiently Conclusive to show what the nature of his underlying adjudication was so there could be sure there could be instances where Maybe the pre-sentence report says the defendant was Petition was filed alleging class one or a class X felony the defendant entered a guilty plea on this allegation That's pretty clear that that prior is a class X or a class one All this all this pre-sentence report tells us is there were several petitions I mean, we don't even know if this was subject to a trial subject to a plea I'm assuming it was a plea because it all got resolved on one day But we don't know what was specifically adjudicated for so what is the remedy? We understand that in the moment. There was no objection There was had there been an objection perhaps there could have been hearing of some sort it was no objection So what is our remedy now when we have this record problem? I? Meet its burden the state didn't meet its burden So the remedy would be to vacate the extended term and send it back for a new sentencing hearing Yeah, in a way. I think it could be analogous in that new sentencing hearing could they bring out evidence that in fact? the He was adjudicated in fact I would say no because what apprendi provides and I think Eileen talks about this too is the judge is Required to impose a sentence that's authorized based on the fact of the jury's verdict alone The jury never had anything to do with determining his prior adjudication I think it could be analogous to a situation which does involve an adult conviction say this a UW where somebody has a prior felony the state Doesn't put it in the indictment doesn't prove it to the jury I don't think it's efficient at the sentencing hearing even at that point to come in with a certified copy of the prior Felony conviction and say judge. We're asking that he'd be sentenced as as a felon because here's this Conviction that we have just to clarify your response to that question If we disagree with you that the juvenile adjudication is admissible To show that he had a prior Can the state then on a remand go back? Pick up a copy of that conviction if there was one or that adjudication for res Bergen presented I thought you were saying no to that also Something that the state has the burden of proving and it's effectively if it's not a prior conviction It's effectively an element of the offense, but if we say it is a prior conviction If you say it's a prior yes, you say it's equivalent to a prior condition if we say it's equivalent well, I guess I would dispute that you could say that it's equivalent of prior conviction, but But but the hearing on remand would look like going back and find out what is that piece? I really mean right I suppose that that could be possible right yeah I'm at the risk of beating the dead horse here the and I'm and I'm not mentioning this in light I understand your plain error argument. I understand you you believe there's no forfeiture here So that's not the purpose of the question But but dovetailing off of justice Carminer's question as to whether that's even necessary at the at the time that the Presentence report the defense counsel had the pre-sentence report. I mean not knowing that that pre-sentence report Is going to be used in sentencing? Doesn't say this is wrong. We need to modify this that's of no consequence here For you know if we disagree with your Apprendi argument if it's tantamount to being a prior conviction the fact that and Even even the nature of the pre-sentence report right isn't that statutory as to how that's going to be presented. I mean and Defense counsel says hey, you know I'm not even in light of the fact that in this case the Respondent in this particular case was making claims that it never happened that there was never the adjudication That's of no consequence to us. I Think the issue is that it the burden is not on the defendant to fill in the gaps in the evidence the state is required to present and I think that's similar to what happened in Shepard the defendant didn't have to it wasn't required to get up at a sentencing hearing and Say oh those prior Burglaries they they actually were generic burglaries the state has the burden of establishing the prerogative prerequisite to impose double The sentence double the possible sentence on this particular defendant, so I don't think the burden is on the defense to say This pre-sentence report is ambiguous. Let me clear it up and Shepard Shepard Involved police reports right police reports and applications for complaint, and you would agree the pre-sentence reports are generally considered more reliable Consider more reliable, but they need to also be specific I you know that the legislature. It's it's clear the Johnson court said and and the ranking court also addressed the legislature intended to use prior Adjudications very sparingly in fact this case and the Johnson case from 2013 are the only two cases I've even seen Involving the state's attempt to use this subsection this b7 to impose an extended term on a juvenile and and I think that's consistent with the idea that there is a difference between that continues to be differences between juvenile proceedings and adult proceedings that What a defendant does as a juvenile is not necessarily an indication of his Proclivities or it's not even necessarily an indication of recidivism because that as this court is pointed out and actually as Justice Posner indicated in his dissent in Welch juveniles don't always have the same incentive and normally don't have the same incentive to defend against a criminal charge as an adult does it in particular in this case if there had been an allegation of a class X charge a juvenile Defendant or juvenile respondent he can still go home even with the class X because He's entitled to to probation on that kind of offense So he may in a lot of instances just be interested in going home It's not going to be published to the public. He's getting services So I think that's an indication the legislature intended that The state is going to be very careful about choosing which adjudications it's going to use the judge should be very careful about choosing which adjudications it's going to use and typically if you I think maybe there was a Expectation that the prosecutor and the judge might be looking behind the fact of the adjudication if this was really an awful Whatever, he did awful prior offenses. He would have been transferred to adult court He was not transferred to adult court, so I think again. It doesn't really show recidivism It shows a reluctance by the legislature to equate them with convictions and this court should not equate this with the conviction It never has the legislature hasn't and therefore it should be a fact that subject to pleading and proof before a jury so in Respect your honors. We would ask that the Extended term be vacated and that this case be remanded for a new sentencing hearing Thank you. Thank you I Please the court counsel Assistant Attorney General John Schlappenbach on behalf of the people of the state of Illinois Your honors this court should affirm the appellate courts decision in this case for three reasons First because the trial court did not err by considering the fact defendants prior to from adjudication at sentencing second because the trial court did not err and using the pre-sentence investigation report to establish that adjudication and finally because even if there were error any error was waived and Even if it were just forfeiture did not rise to the level of plain error Turning first to the issue about the consideration of the prior juvenile adjudication Today and in the reply brief Defendant has framed this issue as a statutory issue referring to 725 ILC s5 11-3 however in the PLA and in defendants own briefs are They are replete with references to a friendly and the related jurisprudence of the United States Supreme Court And so it's clear that this is an apprentice you an apprentice you exist in this case The federal Constitution gives the defendant a right to have any fact other than a prior conviction Plotting the indictment and proven to the jury the Illinois statute in this case Merely as this court record has recognized was intended to codify a friendly It did not create a separate statutory right it did not enlarge a friendly It did not create a different right so although the state is not Disputing that there is a statutory issue in this case the two issues are the same This court in Rivera recognized that in passing PA 91-953 the enactment that included both the changes to a statute issue in Rivera and the changes at issue here The legislature was responding to a friendly and was in fact lockstep with federal friendly This court has described the relationship between Illinois a friendly and federal friendly as lockstep that rule shouldn't be changed today We should continue to look at what a friendly and the related jurisprudence said to answer this question Not as defendant suggests at this court's interpretation of other statutes that the legislature did not intend to match or codify When it was passing this particular provision those statutes are simply not relevant here the legislature's intent was to codify a friendly we should look at what a friendly means and The vast majority of courts nationwide that have addressed that question have determined that the fact of a prior conviction as stated in Apprendi includes the fact of a prior juvenile adjudication and in doing so they've looked at the three major Supreme Court decisions relating to Apprendi and the exception and they have elucidated three principles that really support the inclusion of juvenile adjudications as Convictions under that exception and there are three of them. I'll take them each in turn the first is Tradition history the second is reliability and procedural safeguards and The third is distinctiveness from the jury's task Looking first at history that that really comes from the Supreme Court decision in Almandar's Torres versus United States in 1998 and that decision established the prior conviction exception actually before Apprendi was the rule the the exception was established in 1998 and That case relied on the fact that courts had a long tradition in the United States of considering recidivism at sentencing Without regard to whether that had been fled in the indictment or proven to the jury And so the court said all 50 states have recidivism laws these date back to colonial times We're not changing that tradition now We don't have to prove plead the fact of a prior conviction to the jury that tradition courts have found Also includes juvenile adjudications. They are they are recidivism and They are they were there was in fact no distinction between juvenile and adult offenses in colonial times They were offenses. The juvenile system is largely a creation of the 20th century. So That tradition includes juvenile offenses the exception therefore should include them as well the second point this really comes from Jones the United States the Supreme Court decision from 1999 and was again echoed in 2000 and the Apprendi decision itself is that Prior convictions are reliable because they were established the procedures that satisfy due process So when we come to enhance the sentence, we don't worry that maybe they got it wrong Or maybe there wasn't the process due and establishing that fact of a prior conviction Because we know to get that conviction we had to comply with due process to begin with the same is true With juvenile proceedings they must comply with due process. They do comply with due process This court has recognized that that the Illinois system in in Ray Fusini in 1970 this court recognized the juvenile process comports with due process and The procedural protections for juveniles in Illinois are many they include the right to be present the right to present evidence The right to cross-examine witnesses the right to counsel and the right to proof beyond a reasonable doubt this court is recognized These make juvenile adjudications reliable they satisfy due process So again when it comes time to enhance that sentence based on the juvenile adjudication, we don't have to worry We know that that was established through procedures that satisfy due process. It's reliable Defendant of course points to the fact that there's not a jury in juvenile adjudications And the decisions that he relies on especially an Oregon decision in the reply brief They also discussed that fact the absence of a jury however That was not a dispositive factor and in the creation of the imprint of the exception in Almond Doris Taurus Not something that was even mentioned in Almond Doris Taurus and in appending it was not made Dispositive the court instead noted the array of procedural protections that attend prior convictions and make them reasonable Make them reliable the same thing is true here juvenile juvenile proceedings are reliable. They satisfy due process There's no reason to be concerned about relying on them at sentencing The third reason that courts have identified and this comes from a friendly itself is that? The question of whether there was a prior adjudication or a prior conviction really is something distinct from what we have juries do Juries traditionally look at the offense itself They asked whether the offense happened and if so how it happened they consider those facts so of course when an apprendee We're dealing with something like the presence of racial bias during the offense That is something that the jury has to consider as part of its task of determining the offense Similarly with whether there was a vulnerable victim or the use of a firearm these things confirm the concern the offense itself what the jury decides The judge decides sentencing and he always does so based in part on the defendants history We have a PSI that includes information about the the offenders Juvenile history his his occupational history his childhood his education These historical things are things that the court considers at sentencing They're different from the task that we give juries appropriately we give that task to juries This is a slightly different task, and we can feel comfortable leaving it with the judge Turning to defendants second argument about the consideration of the PSI First I'd like to say the PSI in this case is not particularly ambiguous defendants contrary Consistent Contention relies on a selective reading of the PSI Defendant looks at the text paragraph in the PSI where it talks about the petitions that were filed and says there was an adjudication however the PSI also enumerates the offenses and states the disposition as to each charge and the Disposition for residential burglary is listed as juvenile probation Defendant clearly was not adjudicate not sentenced to juvenile probation or something on which he was not adjudicated and So the P at the ambiguity in the PSI is something that was perhaps created for purposes of appeal Certainly it was not something that was objected to Before the trial court and that would have been the time to correct or deal with any ambiguities in the PSI counsel I'm trying to make sure I understand the the background on this debate over the PSI Your brief on page 4 refers to a certified court docket from a 2004 juvenile case yes, and it cites the record page of 48, but Is that document in the common law record the document that document is not in the common law record So we only have a reference to it in the transcript That's correct because there was never any disputes about the conviction at sentencing the people didn't prove it up They did not bring in the certified copy the last time it was ever debated or discussed in any way was pretrial So by the time the sentencing rolled around the defendant or perhaps Justice counsel someone had decided not that there was not an issue to present with regard to the accuracy of that prior Adjudication it was never disputed Thank you and indeed when defendant was affirmatively asked if he wished to make any Modifications to the PSI his counsel responded no that is waver That is the intentional relinquishment of a known right Defendant was informed that he had the right to amend the PSI to make modifications And he decided not to do so he said no I would also add just generally that this court has recognized that PSI's are reliable that they're a good source for criminal history Although defendant has argued that juvenile history should be different because of the confidential nature of those proceedings That's not the case There is a statutory exception where juvenile records are fully accessible to probation officers creating PSI's Others involved in the sentencing process They're completely reliable just like just like with adult convictions the same array of information is available for the PSI I will just briefly address Shepard the United States the case the defendant has relied on for this PSI argument That is the case that proceeds under the Armed Career Criminal Act which is not applicable here. It's a federal statute That doesn't apply in this case and also it dealt with with police reports Which is your honor pointed out are different from PSI's they are Created by a member of the investigatory team with an investigatory function PSI's are created by neutrals or courts information And a statute mandates what must be included in them and Just on the on the point about Waiver or forfeiture in addition to the affirmative waiver of the right to make modifications to the PSI I would note the evidence of forfeiture is extensive here Defendant did not object to the indictment he now claims was deficient He did not object to the jury instructions that he now claims Failed to ask the jury to decide certain things they needed to decide He did not object to the verdict form that that did the same thing He did not object to the PSI and he did not object to the use of the extended term sentence In fact his counsel said the extended term is applicable here. So the forfeited counsel. How do you address? The skelmic what I believe is part of her argument here that juvenile adjudications Generally seem to be less contested by juveniles Presumably because the the punishment isn't the same as for an adult in in those situations And therefore we shouldn't look at them as synonymous with prior convictions I think that first of all, that's really speculation There's no evidence in the record that this was not contested or was not something that was heavily counseled and heavily litigated That's speculation, but furthermore The legislature has made a determination that Juvenile convictions may be considered as evidence of recidivism a sentence sentencing So to the extent there's a question about that. The legislature has already resolved it They believe this is information that is valuable and can be relied on it. Sounds like This question is that there's the fact that the juvenile is not entitled to a jury Trial to have it does that have any impact on whether it should be treated as justice Thomas as a prior conviction for Apprendi purposes It does not in Apprendi itself The court did not rely heavily on the fact that a jury was present in a prior juvenile on a prior conviction Wasn't a distinction the court made in creating the except well and in creating the exception almond artists for us court didn't even mention The presence of a jury for the prior conviction or I shouldn't say didn't mention But it was not the point it relied on it relied on the historical tradition of using recidivism at sentencing so the presence of a jury is not dispositive in any of the Apprendi case law from the Supreme Court and the majority of courts nationwide that have addressed this issue found That that is not a distinction that deprives the conviction or the judication of its basic reliability We are comfortable in Illinois that our juvenile proceedings satisfy due process and we're comfortable Sentencing people at their adjudications based on those Adjudications, so therefore we should not feel uncomfortable later enhancing a sentence based on that same procedure that satisfied due process and finally I would just Argue that the evidence here even if we're just dealing with forfeiture as opposed to waiver It's not there's no plain error at the best case scenario or defendant This was an area where the law was conflicting. That's not clear an obvious error This court has recognized in Nits it from 2006 that Apprendi error is not the kind of serious structural error as to which prejudice is presumed Under plain error and the evidence that sentencing wasn't closely balanced There was the PSI on the one hand and defendant presented nothing to counter it and did not even object to it Defendant argues that because this enhancement affected the sentence there was clearly prejudice That's not the correct way of analyzing plain error with Apprendi issues since it's a procedural issue The question is not what would have happened if the enhancement hadn't taken place or if they hadn't considered the prior adjudication The question is what would have happened if the jury had looked at it? That's and if you look at Nits again, that's the 2006 case from this court You see how plain error is analyzed in Apprendi cases We need to ask if this same evidence had gone before the jury would the jury have found the prior adjudication? It would have the error is harmless. The evidence was not closely balanced and there was no plain error in this case There was no jury, right? But I'm saying when we analyze plain error, we asked what would have happened had there been a jury in Apprendi cases We don't just say because this the enhancement was applied. There was clearly prejudice that's that's not how the court has done it in the eminence decision and others decisions from this court and Unless there are further questions, we would ask that this court affirm the appellate court's judgment. Thank you. Thank you It's going I Do not see how the fact that the legislature in enacting 111 3 c5 Was implementing implementing Apprendi how that helps the state's argument in this case? Because in fact, I think it hinders it the legislature was aware that Apprendi was exempting prior convictions and it knows and It recognizes that adjudications are not prior convictions Apprendi did not say we're allowing the fact of prior juvenile adjudications and the fact of prior convictions to be exempted from this rule The Attorney general says that in Colonial times there's never even a distinction between juveniles and adults. Well, that's not true now and The u.s. Supreme Court in fact has made it very clear recently that there are continuing differences between juveniles and adults Which affect the way we should treat? Juvenile criminal history this court has said that there's a significant difference between juvenile and adult criminal proceedings which affect the way we should consider juvenile proceedings I Do not believe that in my brief. I focused on the fact that there was no jury in arguing that adjudications are not convictions because that's an issue that some of the federal courts have addressed, but What I'm arguing in this case is based strictly on Statutory construction, although I would point out that this court in people v. Taylor when it determined that an adjudication Was not a conviction did in fact rely on the fact that juveniles don't have the right to a jury trial So it did play a role in this court's determination as to whether an adjudication can be equated with a conviction for purposes of a criminal charge The state contends that the PSI is not particularly ambiguous and that there's indications that On the petition where residential burglary was alleged that there may there was an adjudication on that there was an adjudication on several others That does not indicate that the adjudication was for that specific offense I would point this court to the case of Henry WD which was In our brief where the juvenile court judge in that case the defendant I and I don't recall what the offenses were but the juvenile court in that case said he found the juvenile delinquent is charged The appellate court said we don't know what that means Because you couldn't be adjudicated delinquent on any number of offenses, there's only one adjudication of delinquency so saying that the Juveniles delinquent is charged does not establish what the nature of the underlying adjudication was I've not seen the actual PSI. How does it look like does it in fact say as the state argues? residential burglary dash probation in the sense that a Sentence the judgment of conviction was entered on that count does it say that? In the beginning of the PSI which says on April 28th 2005 with the then minor Derek Jones having been adjudicated delinquent in the original petition alleging assault and the first second and third Supplemental petitions alleging virtue burglary criminal trespass the land knowingly damaged a property and residential burglary three counts Derek Jones was sentenced to five years and eight months probation until his 21st birthday in the April aforementioned offenses Does it appear somewhere else in the PSI the state argued? Yes, there are little lines here as to what? there's like a listing of offenses and a little line next to a burglary So on that petition there was a burglary charge on another petition. There was a residential burg There's a little dark line next to some of the offenses I I don't we have to look closely at what the PSI actually looked like right and whether or not it was sufficient to show that a judgment was entered of The adjudication was entered on that specific count of residential burglary, right? And yeah, in fact the state says if the same evidence had gone before me before the jury would the jury have found it I Don't think so. I don't see how this is proof beyond a reasonable doubt if we want to look at this work What page are we talking about? It's uh, it's a separate pre-sentence report. So there's a prior record at Pages two and three on the pre-sentence report But where is it cited in the record? I think it's in a separate isn't it? Isn't it an exhibit exhibit one? At least that's how it's written. I mean there is that the pre-sentence report is in the record I Just have I might have been in an envelope within the common law record But there it is included in the record as opposed to the court docket sheets Which again, I don't even know what they consisted of I'm assuming they were Just listings by the clerk as to what happened in a particular case, but they were never tendered by the state to the court They were never included in the pre-sentence report Unless there is there something to share as to where that is The prior record is discussed in pages two and three of the PSI so and again I have there's no common law stamp on here. So I'm guessing it might have been included in an envelope Nowadays, they're they're impounded documents. So they're Separate on any record, but this this is in the record. This is in the record. The court docket sheets are not in the record If there are no other questions, I would again ask that the extended term sentence be vacated in this case Thank You He's number one one nine three nine one people of the state of Illinois versus Derek Jones will be taken under advisement as agenda number Six miss Kellnick and mr. Schleppenbach. Thank you for your arguments this morning You're excused at this time marshal the Supreme Court